UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMAN LONGEVITY, INC., <br><br> Plaintiff, <br><br> v. <br><br> J. CRAIG VENTER INSTITUTE, INC. and DOES 1-100, inclusive, <br><br> Defendant. | Case No.: 18cv1656-WQH-JMA <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is Plaintiff Human Longevity, Inc.'s ex parte application for a temporary restraining order and order to show cause why a preliminary injunction should not be issued. (ECF No. 6).

## I. BACKGROUND

On July 20, 2018, Plaintiff Human Longevity, Inc. ("HLI") initiated this action by filing a Complaint for Damages and Injunctive Relief against Defendant J. Craig Venter Institute, Inc. ("JCVI") and doe defendants. (ECF No. 1). The docket does not reflect that any service of the Complaint has been effectuated.

On July 25, 2018, HLI filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued. (ECF No. 6).

On July 26, 2018, JCVI filed a Notice of Intent to Oppose HLI's Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued. (ECF No. 7).

On July 27, 2018, HLI filed a Motion to Disqualify Defendant's Attorneys of Record, Cooley LLP. (ECF No. 8). HLI asserts that Cooley LLP represented HLI in a trade secrets matter against a former HLI employee in state court less than four months ago. HLI contends that Cooley LLP "cannot represent HLI in one matter involving trade secrets and then represent an opponent of HLI in trade secrets litigation in a period of less than six months." *Id.* at 2.

On July 27, 2018, HLI filed an Ex Parte Application for an Order Shortening Time for Briefing and Hearing of Motion to Disqualify Defendant's Attorneys of Record, Cooley LLP. (ECF No. 9). HLI requests an expedited briefing schedule for the motion to disqualify and states, "As the Disqualification Motion seeks an order striking any documents filed by Cooley on behalf of Defendant in the present action, HLI also respectfully requests that the Court withhold decision on the TRO Application until it rules on the Disqualification Motion." (ECF No. 9 at 4).

On July 30, 2018, JCVI filed a Notice of Intent to Oppose HLI's Ex Parte Application for an Order Shortening Time for Briefing and Hearing of Motion to Disqualify Defendant's Attorneys of Record, Cooley LLP. (ECF No. 10).

On July 31, 2018, JCVI filed a response in opposition to the Ex Parte Motion for Temporary Restraining Order and for Order to Show Cause Why a Preliminary Injunction Should Not Be Issued. (ECF No. 12).

On July 31, 2018, JCVI filed a response in opposition to the Ex Parte Application for an Order Shortening Time for Briefing and Hearing of Motion to Disqualify Defendant's Attorneys of Record, Cooley LLP. (ECF No. 13).

## II. ALLEGATIONS OF THE COMPLAINT

The Complaint alleges that J. Craig Venter, former HLI Chief Executive Officer and Executive Chairman reporting to the HLI Board, was terminated from his employment by

HLI in May of 2018. (ECF No. 1 at 2, 8–9). As part of his employment with HLI, Venter signed a Proprietary Information Agreement in which he agreed that all inventions, "along with all other confidential, 'business, technical, and financial information (including, without limitation, the identity of and information relating to customers or employees)' developed, learned or obtained by Venter during his employment, were considered 'Proprietary Information' and that he would not disclose such information." *Id.* at 4. HLI alleges that "Venter agreed to return to HLI all items containing or embodying Proprietary Information" and agreed that he would not "encourage or solicit any employee of HLI to leave HLI for any reason" for one year after the term of his employment. *Id.* at 4–5.

The Complaint alleges that Venter has at all times also served as the Chairman and Executive Officer of JCVI and a member of the JCVI Board of Trustees. Following his termination from HLI, Venter allegedly "abruptly left the HLI corporate offices with his HLI-owned computer" and "immediately began using the HLI computer and server to communicate to the public [and] solicit HLI investors and employees." *Id.* at 9. "HLI is informed, believes and based thereon alleges that Defendant received and is using HLI's Trade Secrets in an attempt to set up a business to directly compete with HLI." *Id.* at 9–10.

HLI brings the following causes of action against JCVI: (1) misappropriation of trade secrets, 18 U.S.C. § 1836; (2) conversion; (3) tortious interference with contract; (4) tortious interference with prospective economic advantage; and (4) unfair business practices. *Id.* at 11–16.

### III. APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED

HLI seeks a temporary restraining order against JCVI and its representatives, agents, and person acting in concert with it, as follows:

> 1. An order prohibiting Defendant from accessing, using, disclosing or discussing with anyone the contents of any private or confidential fact and/or

information acquired by it and/or otherwise known to it, because of and/or through Venter obtaining information from HLI, including but not limited to: (a) any business plans or processes prepared for or by HLI, together with any information or data in HLI's bi-weekly business development updates, leadership updates, executive summaries and weekly reports of Health Nucleus activities with its customers; (b) any information relating to any financing sources or potential financing sources that were derived by HLI, including any negotiation strategies or potential deal terms discussed with such parties; (c) the HLI-acquired private addresses, phone numbers, or other personally identifying information of any investor, potential investor, client, potential client or employees; (d) any financial reports prepared for or by HLI; (e) HLI's plans, projections and negotiations regarding potential expansion of its business; (f) HLI's employee contact and compensation information; (g) any audits or market analysis reports prepared for or by HLI; (h) scientific and/or medical research conducted by HLI; and (i) HLI obtained business partner contact information.

2. An order that Defendant immediately return to HLI all of HLI's property, including but not limited to the HLI-owned Lenovo laptop computer (Lenovo ThinkPad X1 Carbon 20BS-14"; Core i7 5600U, 16GB RAM, 512 GB S; MFG Part: 3825115; UNSPSC: 43211503) (the "HLI Laptop") and any and all copies, reproductions or derivative forms of any HLI information contained on such laptop as well as HLI electronically-stored information (including metadata) and emails on any email server or already sent to third parties;

3. An order that Defendant immediately produce to HLI for inspection all computers, tablets, cellular telephones, "smart" telephones/devices, burner phones, hard drives, portable hard drives, floppy disks, USB devices, magnetic tapes, CD Roms, DVDs, thumb drives, flash drives, and any other device that is capable of storing, transferring, moving, sending, receiving, or otherwise transporting data, to which Defendant has access or permission to use;

4. An order that Defendant immediately return to HLI all documents (including duplicates) in its possession and/or in the possession of any of its representatives, agents, employees and/or persons acting in concert with it, which contain any confidential, proprietary and trade secret information acquired by Defendant from or through HLI;

5. An order prohibiting Defendant from making use of or disclosing, directly

4

or indirectly, to any person or entity any computer data or confidential information acquired by Defendant from HLI;

6. An order prohibiting Defendant from disclosing or using any information acquired by Defendant through Venter's employment with HLI and Venter's subsequent disclosure of such information to Defendant;

7. An order that Defendant consent to inspection of each and every e-mail account that it has used since January 1, 2014, including authorizing the email hosts (jcvi.org, gmail, yahoo, hotmail, and the like) to provide all data from their servers;

8. An order requiring Defendant to provide a Declaration to the Court that it has complied with these obligations.

9. An order to show cause why a preliminary injunction should not be issued enjoining Defendant.

(ECF No. 6 at 4). HLI contends that it is likely to succeed on the merits with respect to all five causes of action. *Id.* at 15–20. HLI contends that it is likely to suffer irreparable harm absent preliminary relief because JCVI's "conduct indicates that it is using HLI's trade secrets and proprietary information to establish a competing business" and that "[t]his destructive behavior may still be prevented if HLI can obtain the HLI Laptop, hard copy files, and any duplicates that are in Defendant's possession." *Id.* at 21. HLI contends that the balance of equities weighs in favor of injunctive relief and that granting the proposed injunctive relief is in the public interest. *Id.* at 21–22.

JCVI contends that the ex parte motion is procedurally improper because HLI fails to demonstrate that it would suffer irreparable injury by proceeding through ordinary motion practice. JCVI asserts that HLI "fabricate[s] urgency" in order to seek ex parte relief. (ECF No. 12 at 17). JCVI contends that the temporary restraining order sought by HLI is vague, overbroad, and unrelated to the allegations of the Complaint. Further JCVI contends that HLI fails to establish a likelihood of success on the merits, fails to establish any likelihood of irreparable harm, and fails to demonstrate that the balance of equities and the public interest favor granting HLI this injunctive relief.

Federal Rule of Civil Procedure 65(b)(1) provides that

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

In this case, the record demonstrates that HLI notified JCVI via email of its intent to file this ex parte application. (Allen Decl., ECF No. 6-2 at 36; Warren Decl., ECF No. 6-2 at 2). HLI has failed to demonstrate that "immediate and irreparable injury" will result if the Court does not issue a temporary restraining order "before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). HLI has failed to comply with the requirements of Rule 65(b). *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)) ("The stringent restrictions imposed . . . by Rule 65 on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."). The motion for a temporary restraining order is denied.

Federal Rule of Civil Procedure 65(a)(1) provides that, "The Court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). HLI has not filed any proof of service of the Complaint in this case. Further, in its July 31, 2018 filings, JCVI states, "To this day, and despite HLI's additional request for more ex parte relief, HLI continues to ignore JCVI's offer to waive service." (ECF No. 12 at 17; Trenda Decl., ECF No. 12-8 at 3). In the absence of proper service of process, this Court lacks jurisdiction. *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) ("In other words, service of process is the means by which a court asserts its jurisdiction over the person."); *Direct*

*Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."); Fed. R. Civ. P. 4(k) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant."). HLI's motion for an order to show cause why a preliminary injunction should not be issued is denied with leave to refile once proof of service of the summons and complaint or a waiver of service has been filed on the record in this action. *See* Fed. R. Civ. P. 4.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the motion for a temporary restraining order is denied. (ECF No. 6). The motion for an order to show cause why a preliminary injunction should not be issued is denied with leave to refile after HLI has filed proof of service or a waiver of service on the record in this action. (ECF No. 6).

HLI's motion to disqualify JCVI's attorneys of record, Cooley LLP (ECF No. 8) and its ex parte application to shorten time for briefing and hearing on the motion to disqualify (ECF No. 9) remain pending. The Court will set a schedule to address these motions once proof of service or a waiver of service has been filed on the record in this action.

Dated: August 3, 2018

Hon. William Q. Hayes
United States District Court