UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMAN LONGEVITY, INC., <br><br> Plaintiff, <br><br> v. <br><br> J. CRAIG VENTER INSTITUTE, INC. and DOES 1-100, inclusive, <br><br> Defendants. | Case No.: 18cv1656-WQH-LL <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File Amended Complaint (ECF No. 47) filed Plaintiff Human Longevity, Inc.

**I. Background**

On December 18, 2018, the Court granted (ECF No. 45) the Motion to Dismiss (ECF No. 23) filed by Defendant J. Craig Venter Institute, Inc. (Defendant JCVI). On January 17, 2019, Plaintiff Human Longevity, Inc. (Plaintiff HLI) filed a Motion for Leave to File Amended Complaint (ECF No. 47). On February 5, 2019, Defendant JCVI filed a notice of Non Opposition (ECF No. 48) to Plaintiff HLI's Motion for Leave to Amend.

**II. Legal Standard**

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme

liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## III. Decision of the Court

Defendant JCVI does not oppose Plaintiff HLI's Motion, stating, "In light of the permissive standard that applies to HLI's request to file an amended complaint under Rule 15(a)(2), and in the interest of judicial economy, JCVI believes a motion to dismiss under Rule 12(b)(6) is the proper procedural vehicle to challenge the proposed amended pleading." (ECF No. 48 at 3). The Court finds that there has been no showing of the *Foman* factors to warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. The Court will defer consideration of any challenge to the merits of the proposed amended complaint until after the amended pleading is filed. *See In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1079, 1106–07 (S.D. Cal. 2018) ("Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, and instead

defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed.").

The Motion for Leave to File Amended Complaint (ECF No. 47) filed by Plaintiff HLI is GRANTED. Plaintiff HLI may file the proposed amended complaint (ECF No. 47-3) on or before February 22, 2019.

Dated: February 6, 2019

Hon. William Q. Hayes
United States District Court